UNITED STATES OF AMERICA
DISTRICT COURT OF MASSACHUETTS

| | | |
|---|---|---|
| DIANE MASCIULLI<br><br>Plaintiff<br><br>v.<br><br>UNITED STATES OF AMERICA, SECRETARY OF VETERANS AFFAIRS (DOUG COLLINS)<br><br>Defendant | ) | COMPLAINT AND DEMAND FOR TRIAL BY JURY<br><br>C.A. No. |

## COMPLAINT AND JURY CLAIM

This is a civil rights action based on unlawful retaliation, hostile work environment and constructive discharge on the basis of retaliation under Diane Masciulli brings this action against her former employer, the United States Department of Veterans Affairs for violation of the Title VII, the Civil Rights Act of 1964 as amended, 42 U.S.C. 2000e, et seq.

## PARTIES

1. Plaintiff, Diane Masciulli ("Plaintiff"), is an individual residing in East Bridgewater, Massachusetts.

2. Defendant, is Doug Collins, United States Secretary of Veterans Affairs ("VA").

## STATEMENT OF JURISDICTION

3. The violations of occurred in Boston, Suffolk County, Massachusetts.

4. This Court has federal question based jurisdiction of this matter pursuant to the provisions of 42 U.S.C. 2000e 29 U.S.C. 794a, 42 U.S.C. 12117 and 28 U.S.C. 1331.

5. Plaintiff asserts claims for wrongful termination and requests for relief pursuant to Massachusetts law that arise from the same facts and circumstances as Plaintiff's claims and requests for relief pursuant to Federal law.

6. The Court has Supplemental Jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. 1367.

7. Venue is proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1391(b)(1), (b)(2), (c)(1), and (e)(1).

## FACTS AND ALLEGATIONS

8. At all times pertinent to this Complaint, Plaintiff was a long time employee of the VA's; as of the end of her employment in May 2024 she worked as a Supervisory Medical Support Assistant.

.

9. Plaintiff's work performance was exceptional at all times and she received performance evaluations as late as end of 2023 confirming exceptional work performance.

10. Plaintiff's supervisor as of 2023 was Lisa Dewer.

11. Ms. Dewer made racially insensitive and/or discriminatory remarks which created a hostile work environment, often complaining of the diversity in the workplace at the VA.

12. Ms. Dewer made it clear she wanted to separate the employment of one black employee in particular, Chritopher Smith.

13. In January 2024, Ms. Dewer manufactured an allegation that Mr. Smith was behaving in a dangerous way; this accusation was false and was a pretext for race discrimination.

14. In January 2024 or soon thereafter, Ms. Dewer alleged that Plaintiff was afraid for her safety around Mr. Smith, which was untrue – Plaintiff was never afraid of Mr. Smith.

15. As part of an investigation into an incident in which Ms. Dewer falsely claimed that Mr. Smith was threatening and dangerous, Ms. Dewer asked Plaintiff to falsely confirm that Plaintiff was afraid of Mr. Smith; Plaintiff refused.

16. Plaintiff refused to lie to support Ms. Dewer's falsehood against Mr. Smith which were racially motivated.

17. After Plaintiff refused to support Ms. Dewer's racially motivated falsehoods against Mr. Smith, Ms. Dewer engaged in a campaign of harassment and retaliation against Plaintiff.

18. Ms. Dewer issued one or more pretextual warnings to Plaintiff and, only weeks after rating Plaintiff's work performance as exceptional, placed Plaintiff on a pretextual Performance Improvement Plan ("PIP").

19. Ms. Dewer's harassment, creation of a hostile work environment and warning(s) and PIP were all pretext for unlawful retaliation due to Plaintiff's refusal to falsely join in her racially motivated allegations against Mr. Smith.

20. The VA, through Ms. Dewer, acted out of retaliatory motive(s) against Plaintiff due to Plaintiff's protected activity.

21. Plaintiff reported and complained of Ms. Dewer's creation of a retaliatory hostile environment but the VA did not respond adequately.

22. Plaintiff endured distress and such a retaliatory hostile work environment that she resigned her employment with the VA in May 2024.

23. No reasonable person would have tolerated the unlawful retaliatory hostile environment that the VA, through its manager Lisa Dewer, had created or the VA's inadequate responses to it.

24. As a result of the VA's unlawful retaliation Title VII, the Civil Rights Act of 1964 as amended, 42 U.S.C. 2000e, et seq., the Plaintiff's employment with the VA was terminated.

25. The VA's stated reason for adverse action and hostile environment are false and a pretext for unlawful retaliation.

26. The Plaintiff has suffered significant economic loss, as well as emotional distress as a result of these violations.

27. Plaintiff filed a timely administrative Complaint with the Equal Opportunity Commission, who has now authorized Plaintiff to file this action.

## <u>COUNT I – UNLAWFUL RETALIATION AND CONSTRUCTIVE DISCHARGE</u>

28. The Plaintiff restates and realleges the facts stated in the paragraphs above as if they were restated individually herein.

29. The VA is an employer as defined by Title VII, the Civil Rights Act of 1964 as amended, 42 U.S.C. 2000e, et seq.

30. The plaintiff was an employee of the VA's as defined by Title VII, the Civil Rights Act of 1964 as amended, 42 U.S.C. 2000e, et seq..

31. The VA, through its manager Lisa Dewer, created an unlawful retaliatory hostile

environment for Plaintiff and failed to respond adequately to complaints of such an environment.

32. Plaintiff resigned her employment with the VA, as nay reasonable person in Plaintiff's circumstances would have done, due to the unlawful retaliatory hostile environment created by Ms. Dewer and the VA's failure to respond adequately to it.

33. The Plaintiff filed a timely Complaint and Charge of Discrimination against the VA with the Equal Employment Opportunity Commission (the "EEOC".)

34. The EEOC investigated the complaints, and provided the VA with an opportunity to conciliate the matters.

35. As a direct and proximate result of the defendant's material violations of the Title VII, the Civil Rights Act of 1964 as amended, 42 U.S.C. 2000e, et seq., Plaintiff has incurred and continues to incur substantial loss of wages, earning capacity and fringe benefits, has suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, other damages as she will show at trial.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against the defendant:

a. Declare that the defendant violated Title VII, the Civil Rights Act of 1964 as amended, 42 U.S.C. 2000e, et seq.;
b. Award Plaintiff compensatory damages;
c. Award Plaintiff multiple damages;
d. Award Plaintiff punitive damages;
e. Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action; and
f. Issue such other relief as the Court deems just and proper.

**<u>PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE</u>**

The Plaintiff,
by his attorney,

*/s/ Sol J. Cohen*

Sol J. Cohen, Esq.
BBO# 630776
Coren Lichtenstein LLP
60 Walnut Street, 4th Floor
Wellesley, MA 02481
781-997-1600
scohen@cl-lawgroup.com

Dated: August 24, 2026